IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHRISTOPHER ISAAC ALEXANDER,    )
                                )
              Plaintiff,        )
                                )
         v.                     )    1:23CV691
                                )
BETH W. HOLCOMB,                )
                                )
              Defendant(s).     )
```

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Beth W. Holcomb, the Clerk of Superior Court in Yadkin County, as the only Defendant in the case. He alleges only that on May 11, 2023, she "wrote [him] back and told [him] that [his] files have been destroyed which [he] know[s] isn't true because [he] has all [his] case numbers and when you are in Superior Court all case's [sic] are in a computer system." (Docket Entry 2, § IV(C).) Plaintiff believes that this violates his right to due process and he seeks to "bring awareness to the situation's [sic] of people in racist county's [sic] and people who couldn't afford lawyer's [sic] and were taken advantage of for past mistakes & charges" as well as "whatever is available for [him] and [his] family in this situation." (Id. § VI.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this

Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Here, the Complaint contains nothing more than conclusory statements that Plaintiff does not believe that the files he sought were destroyed. The fact that case numbers of indictments are put into a computer system does not somehow provide proof that Plaintiff's conclusory statement is true. Further, in a prior case that the undersigned recommended be dismissed without prejudice (1:23CV608), Plaintiff filed a complaint raising similar conclusory claims and included a letter as an exhibit that he fails to include in the present case. The letter and the complaint in that case indicated that the files in question were from 2015 and involved dismissed charges. The letter also indicated that the Defendant sent Plaintiff all other documents he requested. Plaintiff provides no facts in the present case to substantiate a claim that copies of dismissed indictments from eight years ago are retained by Defendant contrary to the statement in her letter. His claims are entirely conclusory and do not state any claim for relief.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $3.33. Failure to comply with this Order will lead to dismissal of the Complaint.

-3-

Case 1:23-cv-00691-TDS-LPA    Document 3    Filed 08/23/23    Page 3 of 4

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $3.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 23rd day of August, 2023.

        /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**